[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Motion for Protective Order #126
The defendant, Paul Sachs, a physician licensed to practice medicine in the State of Connecticut, moves for a protective order to prevent the plaintiff, Karen Mason, from taking his deposition and to prohibit the discovery of certain requested production material at the time of his deposition. The plaintiff's revised complaint alleges that Sachs violated General Statutes Sec. 52-146(d) by disclosing privileged communications to an insurance carrier, and that this disclosure constitutes libel and/or slander. In addition, the plaintiff alleges negligence, and negligent and intentional infliction of emotional distress on the part of Sachs. The plaintiff also makes similar allegations against the defendant Housatonic Center for Mental Health, who employed Sachs as a psychiatric consultant at the time of the disclosures.
Sachs seeks a protective order preventing the plaintiff from taking his deposition until the plaintiff authorizes the release of medical records from the defendant Housatonic Center and until the deposition of the plaintiff is completed. Sachs argues that since the plaintiff's claims include libel and slander, he needs access to the plaintiff's records in order to prove the truth of the contents of the information he disclosed or CT Page 2805 his good faith belief in the truth of those matters. He points out that he had access to the plaintiff's records during his treatment of the plaintiff, and that this lawsuit arises directly out of this treatment. Additionally, he argues that taking his deposition prior to the completion of the plaintiff's deposition will deny him the opportunity to investigate the basis and validity of the plaintiff's claims.[1]
The plaintiff argues that the records are subject to the statutory psychiatrist-patient privilege and cannot be released without the patient's specific consent. In addition, the plaintiff asserts that in defense of the claim of libel/slander, Sachs does not need to prove the truth of the plaintiff's statements, but instead needs only to prove that the plaintiff in fact made the statements to him that he published to the third party. Additionally, the plaintiff argues that there is no defense to a civil claim of private libel of a good faith belief in the truth of the libelous publication.
The second count of the plaintiff's revised complaint alleges that in January 1991 the plaintiff consulted Sachs, a licensed physician practicing psychiatry, and an employee, agent or contractor of the Housatonic Center. The plaintiff sought care and treatment for mental and/or emotional problems, and communicated to Sachs personal and confidential information about her life, personal problems, and psychiatric history. In April 1992, the plaintiff alleges that Sachs communicated to an insurance company "misrepresentations, inaccurate and untrue statements about Plaintiff's personal history and psychiatric condition." This communication included statements concerning the plaintiff's psychological disorders, drug use, alcohol abuse, and drug abuse by members of her family. The plaintiff alleges that this statement to the insurance company constituted libel or slander. In a special defense, Sachs alleges that any information released by him was true or made with a good faith belief in the truth, and therefore cannot constitute libel or slander.
Pursuant to General Statutes Sec. 52-146d and 52-146e, psychiatric communications and records regarding CT Page 2806 the treatment or diagnosis of a patient's mental condition are confidential and may not be disclosed without the consent of the patient or his authorized representative. General Statutes Sec. 52-146f(5) contains an exception to confidentiality, providing that "records may be disclosed in a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense . . . and the court or judge find that it is more important to the interests of justice that the [records] be disclosed than that the relationship between the patient and psychiatrist be protected." Similar exceptions apply to the statutory privileges for psychologist-patient, Sec. 52-146c(5)(2), and social workers. Sec. 52-146q(4).
In this case, the plaintiff has introduced her mental condition as an element of her claim by alleging that Sachs' statement to the insurance company concerning her psychiatric history was inaccurate, untrue and constituted a misrepresentation, and therefore was libelous or slanderous. Sachs alleges that the statement was true or was made with a reasonable belief of its truthfulness. "Before a party will be held liable for libel, there must be an unprivileged publication of a false and defamatory statement . . . . Truth is an absolute defense to an allegation of libel." (Citations omitted.) Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 316, 477 A.2d 1005 (1984). According to the plaintiff's complaint, the allegations are not solely that Sachs misrepresented what the plaintiff stated in their consultation, but also that he made inaccurate and untrue statements such as "that Plaintiff suffered from alcohol abuse, depression, and bipolar disorder. . ." The plaintiff has therefore placed her mental condition in issue by alleging that these statements constitute a libel or slander.
The court is mindful of the plaintiff's concern over the confidentiality of her psychiatric records and their disclosure to third parties. The circumstances of this case, however, dictate that the records be disclosed to Sachs so that he may properly defend himself against the plaintiff's allegations. Sachs was previously the plaintiff's treating psychiatrist at Housatonic Center with access to her records. He no longer has access to CT Page 2807 these records, but now must defend the plaintiff's claims that statements he made concerning the plaintiff's psychiatric history constitute slander or libel. The interests of justice are best served if Sachs is permitted to review the records so that he may put on a defense to the claims of libel or slander, and answer questions posed to him in his deposition in a forthright and complete manner. Without the defendant's review of these records prior to his deposition, the chances of any fruitful discovery relating to the plaintiff's claims are minimal. The disclosure of records is limited, however, to records dating prior to and including April 1992, the date of the alleged libel/slander.
Additionally, Sachs' deposition should not be taken until the plaintiff Karen Mason's deposition is completed. Her deposition began on February 2, 1995 and has not been completed due to a number of contested motions concerning the scope of her deposition. Since these motions have been resolved by the court, there is no reason why her deposition now should not be completed. Additionally, it is only reasonable that her deposition be completed prior to the commencement of the defendant's deposition, as it has been over a month since the plaintiff's deposition began and it is still not completed.
Sachs also seeks a protective order from certain production requests attached to his notice of deposition. The defendant argues that discovery of some of the requested material is objectionable because it is overly broad in scope and seeks information which constitutes work product and information prepared in anticipation of litigation without the showing required by Practice Book Sec. 219. The defendant also objects on the ground that some of the requested material is privileged by General Statutes Sec. 19a-17b(d), which precludes the discovery of the proceedings of a medical review committee conducting a peer review.
The plaintiff's request for production paragraph nos. 2, 4, and 5 are broad in scope and encompass information that would be protected from discovery under Practice Book Sec. 219 without a showing of substantial need and undue hardship. Since there has been no showing CT Page 2808 of substantial need or undue hardship pursuant to Practice Book Sec. 219, the defendant need not comply with these requests to the extent that they request discovery of information prepared in anticipation of litigation or for trial. To the extent that these requests seek information other than materials prepared in anticipation of litigation, the defendant is ordered to comply with the requests in paragraphs 2, 4 and 5. The defendant is also ordered to comply with paragraph no. 7 of the request to the extent that it does not seek information privileged under General Statutes Sec.19a-17b(d). To the extent that such information is requested, the defendant need not comply with this request.
Additionally, while Practice Book Sec. 219 and Gen. Stat. Sec. 19a-17b(d) prohibits the discovery of the contents of protected information, the existence of such information is discoverable. See Witkowski v. Gryboski,5 Conn. L. Rptr. 417 (January 27, 1992, Sheldon, J.). Therefore, the defendant is ordered to provide to the plaintiff a list of the documents or materials which he claims are protected by Practice Book Sec. 219 and Gen. Stat. Sec. 19a-17b(d).
In summary, the court enters the following orders:
1) The defendant Housatonic Center is authorized to disclose the records of the plaintiff Karen Mason to the defendant Sachs for his review prior to his deposition. The records to be disclosed are limited to those prior to and including April 1992, the date of the alleged libel/slander.
2) The deposition of the defendant Sachs shall not commence until the deposition of the plaintiff Karen Mason is completed.
3) The defendant Sachs shall comply with the plaintiff's request for production paragraph nos. 2, 4 and 5 at the time of his deposition, except to the extent that such requests seek material protected from discovery under Practice Book Sec. 219. The defendant Sachs shall compile a list of documents or materials claimed to be protected under this section and provide the list to the CT Page 2809 plaintiff.
4) The defendant Sachs shall comply with the plaintiff's request for production paragraph no. 7 at the time of his deposition, except to the extent that such request seeks material protected under General Statutes Sec. 19a-17b(d). The defendant Sachs shall compile a list of documents or materials claimed to be protected under this section and provide the list to the plaintiff.
It is so ordered.
PICKETT, J.